JOURNAL ENTRY AND OPINION
Diane Power appeals from a judgment of the Garfield Heights Municipal Court alleging denial of due process in connection with her no contest plea to the charge of driving while under the influence of alcohol. On appeal she asserts the trial court failed to inform her of the effect of a no contest plea, failed to make a finding of guilt or announce its verdict in open court; denied her the right of allocution; and never conducted a hearing on her motion to withdraw her plea. After careful review, we have determined the court did not deny due process to her in this case and therefore we affirm the judgment of the court.
On February 18, 1999, Officer McIntyre of the Independence Police Department arrested Power for speeding and driving under the influence of alcohol. On April 8, 1999, she appeared in the Garfield Heights Municipal Court with counsel and entered a negotiated no contest plea to the charge of driving under the influence of alcohol, a serious offense because it constituted her third such offense within six years and subjected her to a maximum jail sentence of one year. The court accepted her plea and continued the matter for sentencing. Pending sentencing, her counsel sought occupational driving privileges which the court denied. Thereafter, the record reflects that on April 20, 1999, she sent a letter to her counsel with a certified copy to the court asking that her no contest plea be withdrawn. Subsequently, her counsel filed a motion with the court to withdraw as attorney of record and at that time, Power retained new counsel, Mr. James Burke. Prior to sentencing, her new counsel prepared a thorough sentencing memorandum in which he addressed her prior request to vacate her plea and manifested a clear intent to proceed with sentencing. That memorandum sought the exercise of judicial discretion within the bounds of the law in the imposition of sentence. On May 20, 1999, the court sentenced Power to a minimum eighteen day jail term and imposed other conditions of probation.
Apparently, Power has again retained new counsel and now appeals from the judgment of conviction and sentence and has filed five assignments of error, all alleging a denial of due process. They state:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT INFORM DEFENDANT CONCERNING THE EFFECT OF A PLEA OF NO CONTEST.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PLEA OF NO CONTEST WAS ENTERED AND THE COURT NEVER MADE FINDING IN ORDER TO COMPLY WITH 2937.07 OF THE OHIO REVISED CODE.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT ANNOUNCE A VERDICT IN OPEN COURT.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN SHE WAS SENTENCED WITHOUT AFFORDING HER THE RIGHT TO ALLOCUTION.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT NEVER CONDUCTED A HEARING ON DEFENDANT'S MOTION TO WITHDRAW HER PLEA.
Regarding her complaint that the court did not explain the effect of a no contest plea and made no finding of guilt or announcement of its verdict, we recognize that counsel had negotiated the no contest plea in advance of the plea hearing, and do not find any prejudice from the court's failure to explain to Powers that her plea constituted an admission of the truth of the facts in the complaint and that it could not be used against her in a subsequent civil proceeding. We note that the court here did, in the presence of counsel, advise her that if she pled no contest she would be convicted and sentenced. Further, the record reflects the court's finding of guilty. Accordingly, these assignments of error are not well taken.
Regarding claims that the court failed to conduct a hearing on the motion to withdraw the plea and failed to afford Power a right of allocution, we have concluded these are not well taken.
In the sentencing memorandum submitted by Mr. Burke prior to sentencing, he wrote,
 When, at one point, the Defendant was considering requesting to vacate her plea and availing herself of the trial process, she abruptly came to the decision that to do so would be an exercise of dishonesty. * * *.
From our review of the memorandum and the context of the quoted statement, we recognize Power intended to proceed to sentencing with her counsel. Finally, we understand the excellent result Mr. Burke achieved for his client as explained by the court at the time of sentencing:
 THE COURT: * * * after reading such an impressive array of things I was checking the statute. Minimum — even if I use home detention — Ms. Power has to do eighteen (18) days in jail, and are we aware of that?
MR. BURKE: Yes, Your Honor.
 THE COURT: Okay. Knowing that, what else would you like to say to me?
At that point, as the transcript reflects, the court offered the opportunity for comment from both Power and her counsel. A fair reading of the transcript reveals that her counsel had opportunity to make statements to the court and that no due process violation prejudiced Power at sentencing.
Hence, from our reading of the record and from the fact that Power had able counsel with her who participated in the sentencing and who achieved a very good result for her, we do not find error in this case.
Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA A. BLACKMON, J., CONCUR
TERRENCE O'DONNELL, PRESIDING JUDGE